**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 07-cv-02192-REB

APRIL D. PLUNK,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

**ORDER AFFIRMING COMMISSIONER**

**Blackburn, J.**

    The matter before me is plaintiff's *pro se* **Complaint** [#3] filed October 18, 2007, seeking review of the Commissioner's decision denying plaintiff's claim for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff alleges that she is disabled as a result of low back pain. After her application for supplemental security income benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on February 14, 2007. At the time of the hearing, plaintiff was 29 years old. She is currently enrolled in college and has past relevant work experience as a cashier and laboratory technician. She has not engaged in substantial gainful activity since her alleged date of onset,

March 13, 2006.

The ALJ found that plaintiff was not disabled and, therefore, not entitled to supplemental security income benefits.  Although the medical evidence established that plaintiff suffered from lumbar pain and obesity, which constituted severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations.  He concluded further that plaintiff's alleged depression was not severe.  The ALJ found that plaintiff had the residual functional capacity to perform a full range of sedentary work.  Although these findings precluded plaintiff's past relevant work, based on the Medical-Vocational Guidelines and considering plaintiff's age, education, residual functional capacity, and work experience, the ALJ found plaintiff was not disabled at step five of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination."  **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the

claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>
> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform her past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 416.920(a)(4)(i) - (v).  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  **Id.**  A finding that the claimant is disabled or not disabled at any point in the five-step review is

conclusive and terminates the analysis.  *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  *Brown*, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  *Hedstrom v. Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  *Id.*

### III.  LEGAL ANALYSIS

Plaintiff, who is proceeding *pro se* in this matter, argues primarily that "neither the medical records stating my lumbar spine problems, nor restrictions were viewed closely enough."  (Plf. Br. at 2.)  She recounts at length the medical findings and functional restrictions noted by her treating physician, Dr. Robert Vogt.  She notes also her history of an unsuccessful series of lumbar epidural blocks and various X-rays and MRI studies

showing degenerative changes of her lumbar spine.[1]

The ALJ discussed all this evidence and determined that it indicated the existence of a medical condition that could reasonably be expected to cause pain. (Tr. 16-17.) *See Musgrave*, 966 F.2d at 1375-76 (citing *Luna v. Bowen*, 834 F.2d 161, 163-64 (10th Cir. 1987)) (setting forth tripartite test for determining whether subjective complaints of pain are disabling). The ALJ found, however, that plaintiff's reports of disabling pain were not fully credible. Such "credibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence." *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001) (quoting *Kepler v. Chater*, 68 F.3d 387, 390-91 (10th Cir. 1995)). Here, the ALJ explained that he believed plaintiff's subjective complaints of disabling limitations were inconsistent with her reported activities of daily living and gave extensive and specific examples in the record. (Tr. 17.) *See also Ouellette v. Apfel*, 2000 WL 1262642 at *13 (N.D. Cal. Aug. 24, 2000) (activities of daily living bear on credibility "to the extent that the level of activity is in fact inconsistent with the claimed limitations"). His determination in this regard was, thus, supported by substantial evidence and provides no basis for error.

Plaintiff claims the ALJ's decision is undermined by reference to the various physical restrictions Dr. Vogt has imposed on her at different times. (*See* Tr. 96-97, 249-250, 258-259, 283-284, 285-286.) However, with but one exception,[2] the

---

[1] Plaintiff does not challenge the ALJ's finding that her mental impairments were not severe. In fact, she emphatically states that "[t]he severity of my back problem should be the primary focus of the decision not my 'obesity' or 'mental capabilities.'" (Plf. Br. at 3.)

[2] In a Fitness-To-Return Assessment of April 12, 2007, Dr. Vogt restricted plaintiff to lifting and carrying no more than 5 pounds and from sitting for more than an hour a day. (Tr. 258-259.) However, this evidence post-dated the administrative hearing and was submitted only in connection with plaintiff's

restrictions imposed by Dr. Vogt indicated a greater functional physical capacity than that found by the ALJ. The ALJ found that plaintiff had the residual functional capacity for a full range of sedentary work, which is defined as work that

> involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 416.967(a). **See also Social Security Ruling 96-9p**, 1996 WL 374185 at *3 (SSA July 2, 1996) ("'Occasionally' means occurring from very little up to one- third of the time, and would generally total no more than about 2 hours of an 8-hour workday."). Dr. Vogt's restrictions limited plaintiff to lifting no more than 15 to 20 pounds at a time and allowed standing and walking from one hour a day up to four hours a day. All such restrictions are consistent with a functional capacity for sedentary work as found by the ALJ, which was, in turn, properly based on the opinion of the state medical examiner.[3] (Tr. 18, 219-227.)

Plaintiff claims also that it was inappropriate for the ALJ to rely on the Medical-Vocational Guidelines, or "Grids," 20 C.F.R. Pt. 404, Subpt. P, App. 2, when he failed to

---

request for review by the Appeals Council. Plaintiff does not challenge the Appeals Council's determination that this evidence was not material, and given the other substantial evidence of record regarding plaintiff's activities and abilities, I cannot say that it erred in so concluding in any event. **See O'Dell v. Shalala**, 44 F.3d 855, 859 (10th Cir. 1994).

[3] Moreover, although Dr. Vogt imposed postural restrictions, such limitations do not significantly impact the ability to perform sedentary work. **See Social Security Ruling 96-9p**, 1996 WL 374185 at *7 ("Postural limitations or restrictions related to such activities as climbing ladders, ropes, or scaffolds, balancing, kneeling, crouching, or crawling would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work.")

receive testimony from a vocational expert. This argument ignores the very reason for the existence of the Grids:

> The grids are tables prepared by the Secretary which evaluate a claimant's ability to work by matching the claimant's age, education, and work experience with his work capability. Again, the grids help evaluate whether there exist sufficient jobs that can be performed given the claimant's age, education, and physical limitations. [T]he grids are a shortcut that eliminate the need for calling in vocational experts.

***Trimiar v. Sullivan***, 966 F.2d 1326, 1332 (10th Cir. 1992) (citations and internal quotation marks omitted). Thus, there was no error in this regard.

Finally, plaintiff maintains that her mother was prevented inappropriately from testifying at the administrative hearing. However, plaintiff admitted to the ALJ that her mother's testimony would simply corroborate her own report of her activities and limitations. (Tr. 297.) Such cumulative evidence would not by itself undermine the ALJ's disability determination. ***See Brecia v. Astrue***, 287 Fed. Appx. 626, 630 (10th Cir. July 8, 2008) (ALJ did not err in failing to specifically discuss testimony of lay witness testimony that was merely cumulative of claimant's testimony).

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated July 10, 2009, at Denver, Colorado.

**BY THE COURT:**

*[signature: Bob Blackburn]*
Robert E. Blackburn
United States District Judge